

# THE ATTORNEY GENERAL
## OF TEXAS

October 7, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Mike Driscoll          Opinion No. JM-808
Harris County Attorney
1001 Preston, Suite 634          Re:  Whether a dead body must
Houston, Texas  77002            be transferred to a county
                                 morgue under the direction
                                 and supervision of a licensed
                                 funeral director or embalmer

Dear Mr. Driscoll:

You ask the following question:

> Must dead human bodies be transferred to the
> morgue under the direction and supervision
> of a licensed funeral director or embalmer?

In order to put your question in context, we will set out
relevant provisions governing county medical examiners as
well as relevant provisions governing funeral directors
and embalmers.

Article 49.25 of the Code of Criminal Procedure
governs inquests upon dead bodies by county medical
examiners. Cf. Code Crim. Proc. art. 49.01 (inquests upon
dead bodies by justices of the peace). Section 6 of
article 49.25 provides:

> Any medical examiner, or his duly
> authorized deputy, shall be authorized, and
> it shall be his duty, to hold inquests with
> or without a jury within his county, in the
> following cases:
>
> 1.   When a person shall die within
> twenty-four hours after admission to a
> hospital or institution or in prison or in
> jail;
>
> 2.   When any person is killed; or from
> any cause dies an unnatural death, except

under sentence of the law; or dies in the absence of one or more good witnesses;

3. When the body of a human being is found, and the circumstances of his death are unknown;

4. When the circumstances of the death of any person are such as to lead to suspicion that he came to his death by unlawful means;

5. When any person commits suicide, or the circumstances of his death are such as to lead to suspicion that he committed suicide;

6. When a person dies without having been attended by a duly licensed and practicing physician, and the local health officer or registrar required to report the cause of death under Rule 41a, Sanitary Code of Texas, Article 4477, Revised Civil Statutes, General Laws, 46th Legislature, 1939, page 343, does not know the cause of death. When the local health officer or registrar of vital statistics whose duty it is to certify the cause of death does not know the cause of death, he shall so notify the medical examiner of the county in which the death occurred and request an inquest; and

7. When a person dies who has been attended immediately preceding his death by a duly licensed and practicing physician or physicians, and such physician or physicians are not certain as to the cause of death and are unable to certify with certainty the cause of death as required by Rule 40a, Sanitary Code of Texas, Article 4477, Revised Civil Statutes, Chapter 41, Acts, First Called Session, 40th Legislature, 1927. In case of such uncertainty the attending physician or physicians, or the superintendent or general manager of the hospital or institution in which the deceased shall have died, shall so report to

> the medical examiner of the county in which the death occurred, and request an inquest.
>
> The inquests authorized and required by this Article shall be held by the medical examiner of the county in which the death occurred.
>
> In making such investigations and holding such inquests, the medical examiner or an authorized deputy may administer oaths and take affidavits. <u>In the absence of next of kin or legal representatives of the deceased, the medical examiner or authorized deputy shall take charge of the body and all property found with it</u>. (Emphasis added.)

Section 8 of article 49.25 prohibits anyone from disturbing or moving a dead body without the authorization of the medical examiner if the death occurred under circumstances set out above in section 6:

> When any death under circumstances set out in Section 6 shall have occurred, the body shall not be disturbed or removed from the position in which it is found by any person without authorization from the medical examiner or authorized deputy, except for the purposes of preserving such body from loss or destruction or maintaining the flow of traffic on a highway, railroad or airport.

Section 9 of article 49.25, which gives the medical examiner authority to perform an autopsy if necessary to determine the cause of death, provides in part: "In performing an autopsy the medical examiner or authorized deputy may use the facilities of any city or county hospital within the county or such other facilities as are made available."

Under article 49.25, then, the Harris County Medical Examiner has authority to have a body moved to a morgue if he needs to do so to determine cause of death. You ask whether the act governing funeral directors, article 4582b, V.T.C.S., requires that a licensed funeral director or embalmer supervise the moving of the dead body in such a situation.

A funeral director is "a person who for compensation engages in or conducts, or who holds himself out as being engaged, for compensation, in preparing, other than by embalming, for the burial or disposition of dead human bodies, and maintaining or operating a funeral establishment for the preparation and disposition, or for the care of dead human bodies." V.T.C.S. art. 4582b, §1(A)(1). See also V.T.C.S. art. 4582b, §1(D) (defining "embalmer"). Section 1(B) of article 4582b provides:

> The term 'directing a funeral,' or 'funeral directing' as herein used, shall mean the directing by a licensed funeral director <u>from the time of the first call</u> until interment or entombment services are completed, or until the body is released for transport to a crematorium, or released to a public carrier. (Emphasis added.)

Section 1(C) of article 4582b defines "first call" and requires a licensed funeral director or embalmer to personally supervise the transfer of a body on "first call":

> The term 'first call' shall mean the beginning of the relationship and duty of the funeral director to take charge of a dead human body and have same prepared by embalming, cremation, or otherwise, for burial or disposition, provided all laws pertaining to public health in this state are complied with. 'First call' does not include calls made by ambulance, when the person dispatching the ambulance does not know whether a dead human body is to be picked up. A dead human body shall be picked up on first call only under the direction and personal supervision of a licensed funeral director or embalmer. A dead human body may be transferred from one funeral home to another funeral home and <u>from a funeral home</u> to and from a morgue where an autopsy is to be performed without a licensed funeral director personally making the transfer. <u>In circumstances in which there is no reasonable probability that unlicensed personnel will encounter family members or other persons with whom funeral arrangements are normally made by</u>

> licensed funeral directors or embalmers, a dead human body may be picked up or transferred without the personal supervision of a funeral director or embalmer. Any inadvertent contact with family members or other persons shall be restricted to unlicensed personnel identifying the employer to the person, arranging an appointment with the employer for any person who indicates a desire to make funeral arrangements for the deceased, and making any disclosure to the person that is required by any federal or state regulation. A funeral director or embalmer who directs the removal or transfer of a dead human body without providing personal supervision shall be held strictly accountable for· compliance with the requirements of and exceptions to 'first call' as provided by this Act.

(Underlined language added by Acts 1987, 70th Leg., ch. 306, §1, at 3319, 3320.) It is an offense for an unlicensed person to make a first call "without the authorization or supervision as provided in Section 1C." See also V.T.C.S. art. 4582b, §3(H)(17) (Funeral Service Commission may revoke license for failure to comply with section 1(C)); §6A(2). Your question is whether article 4582b requires that a dead body be moved under the personal supervision of a licensed funeral director or embalmer when the county medical examiner orders it to be transferred from the place it was found to a county morgue.

The first movement of a dead body from the site of death is not necessarily a first call. First call, as defined in article 4582b, section 1(C), is the first transfer a funeral director is responsible for making,[1]

---

1. The statement in article 4582b, section 1(C), that first call does not include calls made by ambulance when the person dispatching the ambulance does not know whether a dead human body is to be picked up gives the impression that the requirements of first call apply to anyone who makes the initial transfer of a dead body from the place where it is found. Everything else in section
(Footnote Continued)

and a funeral director has such a responsibility only after he has been engaged to take charge of the disposal of a body by the person with the right to possess the body. See Love v. Aetna Casualty & Surety Co., 99 S.W.2d 646 (Tex. Civ. App. - Beaumont 1936), aff'd 121 S.W.2d 986 (Tex. 1938) (next of kin have right to possession of dead body as well as duty to provide for burial); Code Crim. Proc. art. 49.25, §6 (in absence of next of kin or legal representative, medical examiner shall take charge of dead body). Therefore, if the Harris County Medical Examiner orders a dead body moved to the county morgue before a funeral director has been engaged to prepare the body for burial or other disposition, the statutes governing first calls cannot possibly apply.

A remaining question is whether the provisions governing first call are applicable when a body is being transferred under the orders of a county medical examiner and the next of kin have alread engaged a funeral director to take charge of the disposition of the body. Section 1(C) of article 4582b, V.T.C.S., excepts from the requirement of personal supervision on first call transfers of a dead body to and from specific places: "A dead human body may be transferred from one funeral home to another funeral home and from a funeral home to and from a morgue where an autopsy is to be performed without a licensed funeral director personally making the transfer." (Underlined language added by 70th Legislature.) Before the 70th Legislature amended section

_____

(Footnote Continued)
1(C), however, makes clear that the requirements apply only to licensed funeral directors or embalmers who have taken on the responsibility for a dead body. For example, section 1(C) states that first call is the beginning of the "duty of the funeral director to take charge of a dead human body." Also, the 70th legislature added language that leaves no room for doubt that the requirements of that section are intended to regulate the actions of funeral directors and embalmers: "A funeral director or embalmer who directs the removal or transfer of a dead human body without providing personal supervision shall be held strictly accountable for compliance with the requirements of and exceptions to 'first call' as provided by this Act." Apparently, then, the statement about ambulances was intended to apply if an ambulance is dispatched by a funeral director or embalmer.

1(C), all transfers to and from a morgue where an autopsy was to be performed were excepted from the requirement of personal supervision. It has been suggested that the addition of the words "from a funeral home" to that exception mean that transfers to a morgue from a place other than a funeral home are subject to the requirements applicable to first calls. We think that interpretation is partially correct; the amendment does not mean, however, that a county medical examiner must have a body moved to the county morgue under the personal supervision of a funeral director or embalmer. The requirements of first call apply only <u>if it is the duty of a funeral director to have the body transfered to a morgue</u>. The county medical examiner is in charge of the transfer of dead bodies subject to section 6 of article 49.25 of the Code of Criminal Procedure. <u>See</u> Code Crim. Proc. art. 49.25, §8. The obligation to personally supervise the transfer of a dead body can arise only when a funeral director is responsible for a body. Because the right of a medical examiner to order a dead body transferred to a morgue is paramount to the rights of the person who has a right to possession of the body, the rights and responsibilities of a funeral director in regard to a dead body--which are derived from the rights and responsibilities of the person who has a right to possession of the body--cannot supersede the authority of a medical examiner over the removal of a body subject to article 49.25. Thus, unless the medical examiner authorizes a funeral director or embalmer to transfer a body to a morgue, the funeral director or embalmer can have no duty to personally supervise the transfer, and the statutes governing first call are inapplicable.

In your request letter you state that bodies have often been transferred to the county morgue from the place they are found by persons employed by funeral homes. If the medical examiner has authorized a funeral director to have a body transfered from the place where it is found to the county morgue and it is therefore the funeral director's responsibility to do so, then, under the terms of the language added to article 4582b, section 1(C), by the 70th Legislature, a licensed funeral director must personally supervise the transfer unless there is no reasonable probability that unlicensed personnel will encounter family members or other persons with whom funeral arrangements are normally made.

## S U M M A R Y

A county medical examiner has no obligation to engage a licensed funeral director or embalmer to supervise the transfer of a dead body found under circumstances described in article 49.25, section 6, of the Code of Criminal Procedure from the place the body is found to the county morgue. A funeral director or embalmer who has been engaged by the next of kin of a deceased person has no right or obligation to supervise the transfer of the body of the deceased to the county morgue unless the county medical examiner has authorized the funeral director to transfer the body. If a licensed funeral director or embalmer has been authorized and therefore has the responsibility to move a dead body from the place it is found to the county morgue, then the move must be made under the personal supervision and direction of the licensed funeral director or embalmer unless there is no reasonable probability that unlicensed personnel will encounter family members or other persons with whom funeral arrangements are normally made.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General